[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff was appointed Administrator c.t.a.d.b.n. of the estate of Michael J. McHugh on March 30, 1998, after the Probate Court removed the defendant, Robert DiVincent, as executor. Thereafter, Land learned that none of the decedent's income taxes, federal estate taxes or state succession taxes had been paid by the estate even though the beneficiaries had received their gifted portions. He, therefore, instituted an action against DiVincent for breach of his fiduciary duties, Robert Gaddy, the residuary beneficiary, for unjust enrichment, and individual members of the Licato family who received various sums of money from the estate, for unjust enrichment. Land alleges in the complaint that over $300,000 of improper payments were made and the outstanding taxes owed were over $200,000, which the estate is now unable to cover. DiVincent cross claimed against Gaddy and the Licato beneficiaries for unjust enrichment and requested a constructive trust be created in the amount distributed.
Land filed a motion for summary judgment against the defendant, DiVincent, along with an affidavit in support, arguing that there is no genuine issue of material fact as to DiVincent's breach of his fiduciary duty and is, therefore, liable to the estate for the outstanding taxes plus interest and penalties, as well as the estate's administrative expenses. The total amount owed, as stated in the summary judgment motion, is $429,391.61. In response, DiVincent consedes that he is liable for the unpaid taxes, but that he did not breach his fiduciary duty because he properly paid the beneficiaries as designated by the will. Moreover, he asserts that the amount specified as owed to the estate is inaccurate, because it includes money distributed to the beneficiaries and cannot be a sum certain without considering tax refunds or deductions allowed.
At the same time, DiVincent moved for summary judgment against his codefendant, Gaddy, arguing that there is no issue of fact as to liability. DiVincent includes an affidavit in support. In interpreting the decedent's will, DiVincent contends that Gaddy is primarily liable for the taxes as residuary beneficiary, because the will directs the taxes to be paid from the general estate and the residuary beneficiary has a higher priority in determining liability than the other beneficiaries according to section 45a-369 of the General Statutes. Gaddy, in response, submitted a memorandum in opposition and affidavit, disputing certain amounts alleged to have been paid out of the estate on CT Page 9532 his behalf. In addition, Gaddy questions the priority of liability and denies being a residuary beneficiary with respect to the real property disposition. Lastly, Gaddy contends that DiVincent's alleged misrepresentations and mismanagement of the estate, along with the above disputes, create genuine issues of material fact as to both liability and damages which properly should be resolved at trial. DiVincent replies that issues of the amount of damages are irrelevant to the summary judgment motion on liability.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554 (1998).
"A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case. . . . The test [for granting summary judgment] is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). Whether DiVincent, the former executor of the estate, or Gaddy, the residual beneficiary, is liable for the outstanding taxes is clearly the crux of the case and, therefore, material. Taking the facts in the light most favorable to the parties opposing summary judgment, it is the opinion of this court that there exists genuine issues of material fact as to who is liable and how the outstanding taxes will be paid.
Furthermore, summary judgment is "ill adapted to cases of a CT Page 9533 complex nature . . . which often need the frill exploration of trial." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 375 (1969). See also Miller v. United TechnologiesCorp., 233 Conn. 732, 752 (1995). In the present case, there are multiple defendants with competing claims brought against each other and against the plaintiff. Moreover, the court notes that the defendant, DiVincent, takes a unique position by opposing summary judgment against himself arguing that the damages are not accurately ascertainable, while admitting liability, and moving for summary judgment against Gaddy as to liability only, contending that the amount of damages is irrelevant. See Def. Mem. Opp. p. 3 and Def. Reply Mem. p. 3. Also, Land, DiVincent and Gaddy have all submitted affidavits in support of their respective arguments, thereby establishing, by their content, genuine issues of material fact. See Hackbarth v. Hackbarth,
Superior Court, judicial district of New Haven, Docket No. 409600 (November 3, 1998, Zoarski, J.T.R.).
Finally, in a similar case, a Superior Court denied a motion for summary judgment, holding that even though there was no question that the defendant breached her fiduciary duty as administratrix to an estate, there was still a genuine issue of fact as to whether her actions caused the estate damage. Dost v.Yorio, Superior Court, judicial district of Waterbury, Docket No. 115948 (June 16, 1995, Pellegrino, J.). In the present case, the trier of fact must determine what the damages to the estate are and who will be responsible for paying them, despite the fact that DiVincent clearly breached his fiduciary duty.
Both Land's and DiVincent's motions for summary judgment are, accordingly, denied.
Moraghan, J.